UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

DAVID DELGADO RESTO,

    Plaintiff,

v.

BANCO POPULAR DE PUERTO RICO,

    Defendant.

Civil No. 11-1324 (JAF)

**OPINION AND ORDER**

Plaintiff brings this pro-se suit under the Servicemembers Civil Relief Act, 50 U.S.C. app'x § 597(a). (Docket No. 1.) Defendant moves for dismissal, pointing to insufficient service of process. (Docket No. 13.) Plaintiff responds, (Docket No. 15), and also moves for default judgment (Docket No. 19). Defendant responds, (Docket Nos. 20; 22), and Plaintiff replies (Docket No. 23).

Under Federal Rules of Civil Procedure 12(b)(4) and (b)(5),[1] a defendant may move for dismissal based on insufficient process and service of process. "Before . . . a court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (internal quotations omitted). Once a defendant challenges service of process, the burden shifts to the plaintiff to prove proper service. Rivera-López v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).

---

[1] Defendant does not specify a Rule of Civil Procedure under which it brings its motion, but based on the argument (that Plaintiff failed to serve Defendant as required by Rule 4) we interpret it under the standard laid out above.

Civil No. 11-1324 (JAF)                                                                                              -2-

Defendant argues that Plaintiff failed to properly serve Defendant in compliance with Rule 4(h) and (m) of the Federal Rules of Civil Procedure. (Docket Nos. 13; 20; 22.) Two weeks after Defendant filed its first motion to dismiss, Plaintiff served summons upon Defendant on October 18, 2011. (Docket No. 18.) However, Defendant claims that such summons proved defective because Plaintiff served not the complaint, but instead a motion filed with this court on October 17, 2011, (see Docket No. 17), entitled "Action Requesting an Order Directing Banco Popular to Recalculate Petitioner's Debt, Interests and Penalties." (Docket No. 20 at 2.) This document closely resembles a complaint, with sections summarizing the facts and his claims, as well as subsections devoted to certain statutes or questions of law. (Docket No. 17.) Plaintiff filed this document shortly after filing a "Motion to Amend," which we denied. (Docket Nos. 14; 16.) Therefore, Defendant argues, it has not been served with a copy of the complaint and service was improper.

Defendant's argument challenges the "presumption of proper service created by the return of service." Blair v. City of Worcester, 522 F.3d 105, 112 (1st Cir. 2008) (citations omitted). Once challenged, a plaintiff bears the burden of proving proper service. Id. (citing Lopez v. Mun. of Dorado, 979 F.2d 885, 887 (1st Cir. 1992)). Defendant invokes Rule 4(m), which mandates that if Plaintiff fails to serve Defendant, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order [service] within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

A court may find "good cause for the failure" in situations where a plaintiff fails to complete proper service when: Service failed because of a third party (often the process server);

the defendant evaded service or engaged in misleading conduct; the plaintiff "acted diligently in trying to effect service or there are understandable mitigating circumstance[s;] or the plaintiff is proceeding pro se or in forma pauperis." Moreno-Perez v. Toledo-Davila, 266 F.R.D. 46, 49–50 (D.P.R. 2010) (internal quotation marks omitted) (quoting Bunn v. Gleason, 250 F.R.D. 86, 88 (D. Mass. 2008); but see Girard v. Donald W. Wyatt Det. Facility, Inc., 50 Fed. App'x 5, 6–7 (1st Cir. 2002) (affirming dismissal of pro-se complaint for untimely service). Without good cause, we examine several factors to determine whether the failure proves fatal, including: Whether a defendant had actual notice of the suit; potential prejudice to the defendant; and potential prejudice to the plaintiff (such as a statute of limitations). Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993).

Unfortunately, Plaintiff has failed to carry his burden of showing service was proper. Plaintiff's rebuttal to Defendant's two-page motion to dismiss only summarized the procedural backdrop and stressed the fact that he proceeds in forma pauperis and pro se. (Docket No. 15.) The only discussion of service came in an attached copy of a letter to the clerk's office from July 2011, in which Plaintiff requested instructions on how to serve process. (Docket No. 15 at 4.) On October 5, 2011, before summons had been executed, Plaintiff filed the "Motion to Amend," which also included the argument that his 120 days under Rule 4(m) had not yet expired, and another request for the appointment of an attorney. (Docket No. 14.) We denied the motion to amend and again declined to appoint counsel. (Docket No. 16.) Summons was returned executed on October 18, 2011. (Docket No. 18.) Whether Plaintiff still had time under Rule 4(m) on October 5, 2011, is irrelevant because Defendant claims that the summons was

Civil No. 11-1324 (JAF)                                                                                                          -4-

defective as executed.  Plaintiff has not responded to these later allegations of improper service under Rule 4(m).

Apart from his much-touted lack of counsel, Plaintiff does not point to any reasons that might constitute "good cause."  Mindful of his pro-se status, we have searched the pleadings for an explanation.  But we find none, and Plaintiff's pro-se status does not automatically suffice as good cause for purposes of Rule 4(m).  McIsaac v. Ford, 193 F. Supp. 2d 382, 383 (D. Mass. 2002) (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1137, at 342 (2002)).  After two further motions by Defendant focusing on the deficiencies in service,[2] Plaintiff remains silent on the subject, despite later motions for a default judgment and for leave to amend his complaint.  (Docket Nos. 19; 20; 22; 24.)

Without good cause, Plaintiff's failure to properly serve proves fatal.  Defendant states that Plaintiff served not the complaint, but a copy of a motion.  (Docket No. 17)  Because of Plaintiff's frequent motions hoping to modify the claims in his complaint, we find that Defendant did not, in fact, have actual notice of the claims in this suit.  Defendant avers (and Plaintiff does not contest) that it was not served with the complaint, but with a sprawling "Action Requesting an Order Directing Banco Popular to Recalculate Petitioner's Debt, Interests and Penalties."  (Docket No. 20 at 2.)  This document contains information and legal arguments not made in Plaintiff's original complaint of two pages.  We have not given Plaintiff leave to amend his complaint, and serving Defendant with such a document proves misleading as to the nature of the claims at issue in this suit.  Plaintiff's pro-se status does not excuse his

---

[2] Defendant avers that it also sent the second motion directly via certified mail to Plaintiff, (Docket No. 22), and, without discussing the summons, Plaintiff denies receipt of this letter, insisting upon "PROOF of such a service."  (Docket No. 23.)

Civil No. 11-1324 (JAF) -5-

failure to properly serve summons for over a year after filing the case; our "special solicitude toward pro se litigants is not a license for disregarding long established procedural rules." Girard, 50 Fed. App'x at 6.

We note that as "mandated by Rule 4(m), this dismissal will be without prejudice." Medina-Claudio, 443 F. Supp. 2d at 213. We also deny Plaintiff's motion for default judgment (Docket No. 19), since no answer was required of Defendant (whose motion to dismiss remained pending) at this stage of the litigation. Finally, Plaintiff's motion to amend the complaint (Docket No. 24), has been rendered moot by the dismissal of the case.

For the foregoing reasons, we hereby **GRANT** Defendant's motion and **DISMISS** the case without prejudice. (Docket No. 13.) We **DENY** Plaintiff's motion seeking a default judgment. (Docket No. 19.) Plaintiff's motion to amend has been rendered **MOOT** (Docket No. 24.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 2nd day of May, 2012.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge